Argued and submitted October 3, 2008, affirmed May 13, petition for review denied September 17, 2009 (347 Or 44)

In the Matter of the Compensation of
Michael C. Van Der Vaarte, Claimant.

Michael C. VAN DER VAARTE,
*Petitioner,*

*v.*

SAIF CORPORATION
and Beds For Less, Inc.,
*Respondents.*

Workers' Compensation Board
0503090; A136173

208 P3d 975

Arthur W. Stevens III argued the cause for petitioner. With him on the briefs was Black, Chapman, Webber, Stevens, Petersen & Lundblade.

David L. Runner, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

## ROSENBLUM, J.

Claimant seeks judicial review of an order of the Workers' Compensation Board (the board) denying the compensability of injuries he sustained in a fight with a coworker. The board concluded that claimant's injuries did not occur "in the course of" his employment, as required by ORS 656.005(7)(a), because claimant was engaged in an activity—fighting—that was prohibited by employer and was beyond the boundaries of his ultimate work. Claimant contends that, because the compensability of injuries resulting from "assaults or combats" is addressed in a separate statutory provision, ORS 656.005(7)(b)(A), it is not a proper consideration under ORS 656.005(7)(a). He argues that the board erred in considering the fact that he was fighting in determining whether he was injured in the course of his employment and in concluding that his injuries were not connected to his work and therefore not compensable. We affirm.

We state the material facts consistently with the board's findings. *Sisco v. Quicker Recovery*, 218 Or App 376, 378, 180 P3d 46 (2008). When he was injured, claimant worked in employer's warehouse. Employer had a written rule prohibiting "[f]ighting or threatening violence in the workplace." A report written by the warehouse manager after claimant was injured states, "All warehouse employees know that there is a no tolerance policy for violence in the workplace in or on the property."

Claimant was injured in a fight with a coworker, Griffin. The hostility between claimant and Griffin was initially unrelated to their employment. It began as a dispute that they had in claimant's home, where Griffin had stayed for a few days. However, the hostility followed them into the workplace and was fueled by their work relationship, particularly after Griffin was promoted to a position in which he directed claimant in some of his job duties.

One evening, as claimant was leaving work, he found Griffin waiting for him near his truck in employer's parking lot. Griffin told claimant that he was tired of claimant trying to take his job. A confrontation ensued, and the two began fighting. In the fight, claimant sustained injuries

including a fractured hand. Both men were fired the next day.

Claimant filed a workers' compensation claim for his injuries from the fight. Employer's insurer, SAIF, denied the claim. After a hearing on the claim, the administrative law judge (ALJ) concluded that the injuries were compensable and set aside SAIF's denial. SAIF requested board review of the ALJ's order. SAIF argued that the claim should be denied under ORS 656.005(7)(b)(A), which provides that a compensable injury does not include an "[i]njury to any active participant in assaults or combats which are not connected to the job assignment and which amount to a deviation from customary duties[.]" SAIF also argued that claimant's injuries did not "arise out of and in the course of" his employment and thus were not compensable injuries under ORS 656.005(7)(a).

The board stated that it did not need to decide whether claimant's injuries were excluded from compensability under ORS 656.005(7)(b)(A), because it was not persuaded that the claim satisfied the requirements for compensability under ORS 656.005(7)(a). It concluded that the injuries did arise out of claimant's employment, given that the conflict between the two men was fueled by Griffin's position directing claimant in his work duties. However, it concluded that the injuries did not occur in the course of claimant's employment. After noting that employer had a rule against fighting, the board reasoned as follows:

> "A violation of an employment rule does not render a claim *per se* noncompensable. Instead, the focus is on whether the claimant was engaged in an activity that was within the boundaries of his ultimate work. *Andrews* [*v.Tektronix, Inc.*, 323 Or 154, 166, 915 P2d 972 (1996)]. Additional relevant factors include 'the degree of connection between what the worker is authorized to do and is forbidden to do, the degree of judgment and latitude normally given the worker, workplace customs and practices, the relative risk to the worker when compared to the benefit to the employer, and the like.' *Id.* at 165.

> "Claimant's job duties included loading and unloading mattresses from trucks to the warehouse, labeling products, filling orders for customer pick-up, and cleaning the

warehouse. He was not 'authorized' to fight as part of his work duties. To the contrary, as noted above, the employer had a rule prohibiting fighting and threatening violence in general. Claimant's manager had also instructed claimant and Griffin not to fight.

"In addition, fighting put claimant at considerable risk of injury while the employer did not benefit from his altercation with Griffin in the parking lot. Finally, the record does not support a finding that it was part of the workplace 'custom and practice' to participate in such physical altercations. In light of the foregoing, we find that the fight was beyond the bounds of claimant's ultimate work, and not within the course of employment."

(Record citations omitted.) The board went on the note that

"claimant acted contrary to his job responsibilities when he disobeyed a directive of the employer not to fight with Griffin. Claimant's actions, namely, actively fighting with Griffin in the parking lot, were 'more than a violation of a regulation or prohibition relating to the method of accomplishing his work.' Claimant acted against the employer's benefit and specific directive."

Based on those factors, the board concluded that claimant's injuries are not compensable, and it reinstated SAIF's denial of his claim. Claimant now seeks review of the board's order.

Claimant makes two assignments of error, which we address in turn. In the first, he argues that the board erred in considering the fact that he was fighting in determining whether his injuries occurred in the course of his employment. Claimant relies on ORS 656.005(7)(b)(A), which provides:

" 'Compensable injury' does not include:

"(A) Injury to any active participant in assaults or combats which are not connected to the job assignment and which amount to a deviation from customary duties[.]"

As we understand his argument, claimant takes the position that ORS 656.005(7)(b)(A) defines the only circumstances under which injuries resulting from assaults or combats are not compensable. He therefore contends that it is inappropriate to consider the fact that he was fighting with Griffin for purposes of determining whether he was acting outside the

boundaries of his ultimate work when he was injured. According to claimant, the legislature has "occupied the field" in terms of determining whether injuries caused by combats are compensable. He contends that an employer should not be able to further restrict the compensability of such injuries by relying on rules against fighting to assert that an injured employee was acting outside the scope of employment, even if the injury would not be excluded from compensability under ORS 656.005(7)(b)(A). Thus, in claimant's view, the analysis of the "in the course of" and "arising out of" elements of the work-connection test under ORS 656.005(7)(a) should not include any consideration of the "combat" issue.

SAIF responds, first, that claimant's argument is unpreserved. On the merits, it contends that ORS 656.005(7)(a) provides the primary definition of compensability, that the various exclusions in ORS 656.005(7)(b) provide additional, independent bases for finding an injury noncompensable, and that there is no inconsistency in considering workplace fights under both provisions.

■ We agree with SAIF's contention that the assignment of error is unpreserved. Claimant contends that the issue did not arise until the board issued its order, in which it failed to consider the exclusion from compensability of combats and assaults under ORS 656.005(7)(b)(A) in determining whether claimant was injured in the course of his employment. He argues, therefore, that preservation principles do not preclude him from raising the issue in this court. We disagree. SAIF argued in its opening brief to the board that claimant was injured while engaged in a prohibited activity—fighting—outside the boundaries of his ultimate work and, thus, that his claim is not compensable. Claimant responded that the "prohibited activity" analysis is inapplicable, albeit not for the reason that he now asserts. Rather, he argued that there was no evidence that he was aware of the rule, that he was not "in the workplace" when the injuries occurred, and that he had not been fighting. In short, the question whether employer's rule against fighting placed the injury-producing activity outside the course of claimant's employment did not arise for the first time when the board issued its order. Claimant's argument to the contrary is not well taken. We decline to consider his first assignment of

error and, consequently, proceed with the assumption that the board properly considered the fact that claimant was fighting in determining whether he was injured in the course of his employment.

■     In his second assignment of error, claimant contends that the board erred in concluding that his injuries did not occur in the course of his employment, for several reasons. First, according to claimant, for the reasons asserted in his first assignment of error, the board erred in ruling that, because the violation of employer's "no fighting" rule placed the injury-producing conduct beyond the bounds of claimant's ultimate work, the injuries are not compensable. Our disposition of the first assignment of error also disposes of that argument. Claimant argues further that substantial evidence does not support the board's "basic premise and underlying assumption" that he was violating employer's rule against fighting when he was injured. He notes that the written rule applied only to "[f]ighting or threatening violence *in the workplace*" (claimant's emphasis), and asserts that the parking lot, where the fight occurred, was not part of the workplace. He contends that any ambiguity in the meaning of "workplace" must be construed against employer, the author of the rule. Finally, claimant contends that his injuries occurred in the course of his employment under the "parking lot" rule, which we discuss further below.[1]

Claimant's argument that substantial evidence does not support the board's finding that he was violating employer's rule against fighting when he was injured requires little discussion. "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). Even if we were to accept claimant's interpretation of employer's written rule prohibiting fighting "in the workplace," the record includes a written report made by the manager at the warehouse after claimant was injured. The report states, "All warehouse employees know that there is a

---

[1] Claimant also argues that the board erred in even considering whether his injuries occurred in the course of his employment, contending that SAIF conceded that issue before the ALJ and, thus, that it was not properly before the board. Claimant did not argue to the board that the issue was not properly before it, so we decline to consider the argument as it is unpreserved.

no tolerance policy for violence in the workplace *in or on the property*." (Emphasis added.) In our view, in light of that statement, a reasonable person could find that the rule against fighting extended to the entire premises, including the parking lot, not just to the warehouse in which claimant actually performed his job duties.

We turn finally to claimant's argument that his injuries are compensable under the "parking lot" rule. Under that rule, "injuries sustained on the employer's premises while the worker is going to or coming from work have a sufficient work-connection to be considered to have occurred 'in the course of' employment." *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 597-98, 943 P2d 197 (1997). Claimant notes that the board found that fighting was not part of his work duties or of a workplace custom or practice and that fighting put claimant at risk without benefitting employer, and it thus concluded that he was acting "beyond the bounds of [his] ultimate work, and not within the course of [his] employment." Claimant contends that, because he was injured in the parking lot after work, not while performing a work task, there is no point in considering whether he was acting outside the boundaries defining his ultimate work. We agree that, under the circumstances, the factors that aid in determining whether a claimant was engaged in work activities are inapposite, but that conclusion does not advance claimant's position.

As the Supreme Court stated in *Hayes*, an injury takes place in the course of employment if it occurs "while the worker reasonably is fulfilling the duties of the employment *or is doing something reasonably incidental to it.*" 325 Or at 598 (emphasis added). The court noted that " '[i]n the course of' employment also includes a reasonable period of time after work for the worker to leave the employer's premises, including the employer's parking lot." *Id.* It went on to explain that "reasonably incidental to" employment includes "activities that are personal in nature—such as a telephone call home or a brief visit with a coworker—as long as the conduct bears some reasonable relationship to the employment and is expressly or impliedly allowed by the employer." *Id.* at 598-99.

The fact that an injury occurs in the employer's parking lot does not exempt it from the requirement that the injury occur "while the worker reasonably is fulfilling the duties of the employment or is doing something reasonably incidental to it." The "parking lot" rule does not stand for the proposition that *any* activity engaged in by an employee in the employer's parking lot when leaving work occurs in the course of employment.

As claimant himself asserts, he was not fulfilling the duties of his employment when he was injured. Thus, he was acting in the course of his employment only if he was doing something reasonably incidental to it. Consistently with the Supreme Court's explanation of "reasonably incidental," in the context of an activity that is not "fulfilling the duties of employment," if an employee was injured while engaged in an activity that was neither expressly nor impliedly allowed by the employer—or, as in this case, was *prohibited* by the employer—that injury cannot be deemed to have occurred in the course of employment.[2]

In this case, the board found that claimant was injured while engaged in an activity that employer expressly prohibited, and substantial evidence supports that finding. It follows that the activity was not reasonably incidental to claimant's employment and that the "parking lot" rule does not apply. Because claimant was not "fulfilling the duties of the employment or * * * doing something reasonably incidental to it," his injuries did not occur in the course of his employment. Accordingly, they are not compensable.

Affirmed.

---

[2] *Cf. Andrews*, 323 Or at 163-65 (addressing the proper analysis of the "in the course of" inquiry where the claimant has violated an express employer directive while acting within the "boundaries defining [the claimant's] ultimate work"); *Sisco*, 218 Or App 382-86 (same).